THE STATE,

*vs.*

JAMES PATRICK.

Where the indictment charged " with intent in so striking and beating him, the said Jerome Wetherbee, with the club aforesaid upon the head, as aforesaid, then and there, and thereby feloniously, wilfully, of his (the said James Patrick's) malice aforethought, to kill and murder against," &c. *Held* bad for uncertainty.    The person whom the defendant intended to kill, should be named in the indictment.

The defendant was indicted in the Dodge Circuit Court, for an assault with intent to kill and murder, and was convicted.

The counsel for the defendant moved in arrest of judgment, on the ground that the indictment does not charge an assault with intent to kill any particular person.    The question raised by this motion was reported to this court by the judge, who states that portion of the indictment on which the motion was founded, as follows :

" With intent in so striking and beating him, the said Jerome Wetherbee, with the club aforesaid, in and upon the head, as aforesaid, then and there, and thereby feloniously, wilfully and of his (the said James Patrick's) malice aforethought *to kill and mur.* der against," &c.    In all other respects the indictment was reported to be good.

*E. G. Ryan,* for the defendant.

*G. B. Smith,* Attorney Gen'l, for the prosecution.

*By the Court,* CRAWFORD, J.    We believe that the

indictment in this case is uncertain and defective. It

does not charge an intent to murder any particular person.

The section of the statute under which we are informed by the report of the case, the indictment was preferred, (*R. S.*, *Chap.* 133, § 32,) contains the following language : " If any person shall assault *another*, with intent to murder, or to maim or disfigure his person," &c. ; to constitute the offence thus described, it is indispensable that the person to murder, maim, or disfigure whom the intent existed in the mind of the accused, be designated in some manner. Without this, the indictment would not contain that degree of certainty in describing the offence, which the rule of pleading in criminal cases requires.

Mr. Chitty (1 *Chitty Cr. L.*, 228,) says, " The indictment must charge the crime with certainty and precision, and must contain a *complete description of such facts and circumstances as will constitute the crime ;* a statement of a legal result is bad," and (*p.* 233,) "if the intention is necessary to constitute the offence, it must be alleged in every material part where it so constitutes it.

In 2 *Hawk, P. C., chap.* 25, § 71, it is said, "It seems to be taken as a ground in many books, that, regularly, the persons offended, as well as the defendant, ought to be certainly described in every indictment." And in *Archbald's Cr. Pl*, 30, we find the rule thus stated : "In indictments for offences against the persons or property of individuals, the christian and surname of the party injured must be stated, if the party injured be known. And again, on *page* 43 *of Archbald*, it is stated : " Not only must all the facts and circumstances which constitute the offence be stated,

but they must be stated with such certainty and precision that the defendant may be enabled to judge whether they consitute an indictable offence or not, in order that he may demur or plead to the indictment accordingly; that he may be enabled to determine the species of offence they constitute, in order that he may prepare his defence accordingly; that he may be prepared to plead conviction or acquittal upon this indictment in bar of another prosecution for the same offence; and that there may be no doubt as to the judgment which should be given, if the defendant be convicted."

Now, one of the material ingredients in the offence, contemplated by the section of the statute above referred to, is the intent on the part of the accused, to murder, (or maim or disfigure) some other person, and therefore the rule of criminal pleading requires that the averment of the intent shall include a designation of that other person.

It is true, we might infer from the averment of an assault upon Wethersbee, by the accused, that if an intent to kill and murder was coupled with that assault; it must have been to kill and murder the person assaulted; but we arrive at such a conclusion by inference or argument only, and neither one or the other can be indulged in, or deemed sufficient to supply a deficient averment in an indictment.

The case of *Connelly vs. the People*, 3 *Scam*, 474, to which our attention has been directed by the Attorney General, is not in harmony with the authorities above cited. The provision of the Illinois code, seems to have influenced the decision, and the learned Chief Justice thinks that at the common law, the name of

the person is necessary. We cannot recognize the case as binding upon us.

We do not think it necessary to cite other authorities upon this point, certified to us by his honor, the judge of the Circuit Court.

We believe the indictment is fatally defective, and the judgment thereon must therefore be arrested.